IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| CAWEISI LAVELLE,  )  )  )  ) | |
| Plaintiff,  ) | |
|  ) | |
| v.  ) | CIVIL ACTION NO. 5:21-CV-170 (MTT) |
|  ) | |
| MICHAEL WILLIAMSON, *et al.*,  )  )  )  ) | |
| Defendants.  ) | |

## ORDER

Defendants move to dismiss Plaintiff Caweisi Lavelle's amended complaint (Doc. 9) for failure to state a claim.[1]  For the reasons discussed below, the defendants' motions (Docs. 8; 10) are **DENIED**.

### I.  BACKGROUND

Lavelle filed his initial complaint on May 15, 2021.  Doc. 1.  In his amended complaint, Lavelle alleges claims arising from the "unlawful and unreasonable use of excessive force, false imprisonment, false arrest, assault and battery as a result of each individual Defendants' misconduct."  Doc. 9 at 1.  He also alleges that his amended complaint is filed "pursuant to O.C.G.A. § 9-3-99," which tolls the statute of limitations for tort claims brought by crime victims if their claims arise from the commission of a crime.  *Id*. ¶ 3; O.C.G.A. § 9-3-99.  In their motions, the defendants only argue that

---

[1] Defendant Eric Pipkin and Defendants Michael Williamson, Anthony Thompson, Michael Brayton, Jeremy Harie, Waymon Henson, Katherine Knapp, Barclay Banta, Bossie Davis, Jake Sutton, Jerry Meadows, and Timothy Davis filed separate motions to dismiss.  Docs. 8; 10.  However, Pipkin adopts the remaining defendants' arguments concerning Georgia's statute of limitations barring Lavelle's claim.  Doc. 10-1 at 2.  Therefore, this Order addresses both motions to dismiss.

Lavelle's claims against all defendants are barred by the statute of limitations. Docs. 8-1 at 2-5; 10-1 at 2-5.  They do not argue that only certain claims or claims against certain defendants are barred.

In a nutshell, Lavelle alleges that he was unlawfully beaten, kicked, stomped on, and otherwise physically assaulted by the defendants. *See generally* Doc. 9. His amended complaint asserts the following claims: (1) unlawful search and seizure in violation of 42 U.S.C. § 1983; (2) excessive use of force in violation of under 42 U.S.C. § 1983; (3) failure to intervene in violation of under 42 U.S.C. § 1983; (4) failure to render care or provide medical treatment in violation of under 42 U.S.C. § 1983; (5) malicious arrest and false imprisonment pursuant to O.C.G.A. §§ 51-7-1 and 51-7-22; and (6) aggravated assault and battery in violation of O.C.G.A. §§ 16-5-21 and 16-5-24. *Id*. at 12-16.

## II.  STANDARD

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To avoid dismissal pursuant to Rule12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  A claim is facially plausible when "the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com.*, 658 F.3d 1282, 1296 (11th Cir. 2011) (internal quotation marks and citations omitted). But "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Wiersum v. U.S. Bank, N.A.*, 785 F.3d 483, 485 (11th Cir. 2015) (internal quotation marks and citation omitted). The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Patel v. Specialized Loan Servicing, LLC*, 904 F.3d 1314, 1321 (11th Cir. 2018) (citations omitted).

### III. DISCUSSION

The statute of limitations is an affirmative defense. "Because [a] statute of limitations bar is an affirmative defense, … plaintiff[s] [are] not required to negate the affirmative defense in their complaint." *Alvarez v. U.S. Immigration and Customs Enf't*, 818 F.3d 1194, 1229 (11th Cir. 2016) (quotation marks and citation omitted). "A complaint is subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008) (quotation marks and citation omitted).

Without citing any controlling authority, the defendants argue that Lavelle, in responding to their motions to dismiss, has the burden of establishing facts that toll the

statute of limitations.[2]  That argument is wrong, but it is also of no consequence, because Lavelle's allegations do not, on their face, establish that the statute of limitations bar his claims.  On the contrary, Lavelle's allegations, taken as true, establish that his complaint was timely filed.  *See generally* Doc. 9.

The parties agree that Lavelle's claims accrued on May 30, 2018, and that each of his claims is subject to a two-year statute of limitations.  Docs. 8-1 at 2-5; 11 at 2; 14 at 3.  That is debatable, but the Court assumes the same.  The parties further agree that Lavelle is entitled to tolling pursuant to a statewide judicial emergency declaration by the Georgia Supreme Court during the COVID-19 pandemic.  Docs. 8-1 at 2-5; 11 at 2; 14 at 3.  That tolling, the parties agree, ended October 1, 2020.  Docs. 8-1 at 2-5; 11 at 5-7; 14 at 5-8.  And they agree that whether Lavelle's May 15, 2021 complaint was timely filed turns on whether he is entitled to tolling under O.C.G.A. § 9-3-99.  Docs. 8-1 at 2-5; 11 at 5-7; 14 at 5-8.  Finally, the parties agree that the answer to that question is found in the Georgia Court of Appeals' decision in *Harrison v. McAfee*, 338 Ga. App. 393, 788 S.E.2d 872 (2016).

In *Harrison*, the court addressed the issue of whether § 9-3-99 applied to lawsuits against defendants who had not been accused of crimes against the plaintiff.  The court determined that the plain language of the statute provided a clear answer to that question.  O.C.G.A. § 9-3-99 provides in full:

> The running of the period of limitations with respect to any cause of action in tort that may be brought by the victim of an alleged crime which arises out of the facts and circumstances relating to the commission of such alleged crime committed in this state shall be tolled from the date of the commission of the alleged crime or the act giving rise to such action in tort until the prosecution of such crime or act has become final or otherwise

---

[2] The defendants cite Georgia authority concerning a plaintiff's burden when responding to motions for summary judgment.

> terminated, provided that such time does not exceed six years, except as otherwise provided in Code Section 9-3-33.1.

O.C.G.A. § 9-3-99.

In *Harrison*, a patron of a bar was shot by an unknown individual during an attempted robbery; the shooter was never apprehended. *Harrison*, 338 Ga. App. at 393-94. After the statute of limitations had run (assuming no tolling), the victim brought a premises liability action against the bar's owner and operator. *Id*. Contending that the shooter's crime did not toll the statute of limitations as to them, the defendants successfully moved for summary judgment. *Id*. On appeal, the full court of appeals reversed and overruled a line of cases narrowly interpreting § 9-3-99.

The plain, unambiguous language of the statute, the court concluded, made clear that "the statute applies to any cause of action in tort, without limitation, so long as that cause of action is brought by a crime victim and 'arises out of the facts and circumstances relating to the commission of such alleged crime.'" *Id*. at 398. Because the bar patron was the victim of an alleged crime, albeit a crime committed by an unknown assailant, and because his tort claim arose out of the facts and circumstances relating to the commission of the alleged crime, § 9-3-99 tolled the statute of limitations for his claim against the bar. The Court specifically rejected the argument that tolling was available only against the perpetrator of the crime. "That the statute does not identify the particular civil defendants against whom it applies does not make it ambiguous, it makes it unlimited." *Id*. at 399. In the process, the Court rejected the argument that a caption in the enacting legislation limited the scope of § 9-3-99. *Id*. at 399-400. That caption suggested that a purpose of the legislation was to "provide for a statute of repose in certain tort actions brought by victims of crimes against the person

accused of such crimes." *Id*. at 397 (emphasis in original) (quoting Ga. L. 2005, pp. 88-89, Section 1).  Such captions, the court held, are not a part of the statute and thus could not abrogate the plain meaning of the statute.  *Id*. at 399-400.

In short, *Harrison* held that a plaintiff asserting a tort claim arising out of an alleged crime is entitled to tolling of the statute of limitations "regardless of whether the defendant in the case has been accused of committing the crime from which the cause of action arises."  *Id*. at 402.  Thus, because Harrison (1) was a victim of an alleged crime, and (2) he filed a tort cause of action allegedly arising out of the facts and circumstances relating to the commission of the crime, the statute of limitations was tolled.  *Id*.

Here, Lavelle alleges that he was the victim of alleged crimes, *e.g.*, assault and battery, committed by the *defendants*,[3] and he has filed tort claims allegedly arising out the alleged crimes.  *See generally* Doc. 9.  The argument that Lavelle "has not pled facts that would allow him to show that he is a crime victim" is frivolous.  Doc 16 at 7.  No doubt recognizing that, the defendants argue that Lavelle's "subjective belief" that he was a victim of a crime is insufficient and should be rejected.  *Id*.; Doc 15 at 6.  The defendants cite no authority that allows a court, on a motion to dismiss, to ignore a plaintiff's allegations because they are based on the plaintiff's subjective belief.  That argument is also frivolous.

Turning to statutory construction, the defendants point to the caption of the enacting legislation, an argument, as noted, expressly rejected by *Harrison*.  *Harrison*, 338 Ga. App. at 399-400.  That argument is frivolous.  Just as frivolous are the

---

[3] The shooter in *Harrison* was not joined as a defendant; if anything, Lavelle's case for tolling is stronger than Harrison's.

defendants' attempts to resurrect cases overruled by *Harrison* and to rely on post-*Harrison* cases that are either inapplicable or favor Lavelle.[4]

The Court could say much more concerning the defendants' questionable arguments, but they are not worth the effort.  In the end, the defendants' argument is that Lavelle was not a crime victim.  No doubt they "subjectively" believe that.  The defendants may even be able to prove that Lavelle was not a crime victim when the time for that comes.  But for now, Lavelle has alleged he is the victim of a crime.  The defendants may choose to ignore that, but the Court cannot.

## IV. CONCLUSION

For the reasons discussed above, the defendants' motions to dismiss (Docs. 8; 10) are **DENIED**.

**SO ORDERED**, this 28th day of September, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[4] Defendant Pipkin's citation to *Jenkins v. Keown,* 351 Ga. App. 428, 351 S.E.2d 498 (2019) is illustrative. He claims that in *Jenkins,* the court of appeals "rejected the argument that plaintiffs can meet that burden by arguing that the conduct alleged in a civil complaint could also amount to a violation of a criminal statute."  Doc. 16 at 5.  First, *Jenkins* was decided on a summary judgment motion, and second, it was undisputed that there could be no criminal prosecution for the alleged crime—a traffic violation—because the two-year statute of limitations had run.  *Jenkins,* 351 Ga. App. at 428-29, 433.